UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LEON HAYNIE,

                                              Plaintiff,                          15-CV-04000 (PAC)(SN)

                          -against-                                              REPORT AND
                                                                                 RECOMMENDATION

DEPARTMENT OF CORRECTION, et al.,

                                              Defendants.
------------------------------------------------------------------X

SARAH NETBURN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY:

        Pro se plaintiff Leon Haynie has not provided the Court with a valid mailing address and

has not taken any action to prosecute this case since June 18, 2015. By three separate orders, the

Court has informed Haynie that it does not have his mailing address, and the Court has twice

warned him that his failure to provide this information or otherwise prosecute his case could

result in the dismissal of his claims.

        Because Haynie has not contacted the Court to provide his address or taken any other

action to prosecute this action since June 18, 2015, the Court recommends that his claims be

dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of

Civil Procedure.

                                          BACKGROUND

        In May 2015, Haynie sued the New York Department of Correction and individual

defendants alleging claims under 42 U.S.C. § 1983. He filed his Complaint from a Department of

Correction facility on Rikers Island. On June 17, 2015, after it came to the Court's attention that

Haynie had been released from custody, the Court ordered Haynie to provide a valid mailing

address within 30 days. On June 18, 2015, Haynie submitted a form listing his address as "Apt #

322, Brooklyn, N.Y. 11207," without providing a street name. ECF No. 13. On June 19, 2015,

the Court ordered Haynie to provide a complete address. Haynie did not reply. On August 4,

2015, the Court again ordered Haynie to provide his full address and instructed him to advise the

Court whether he intends to pursue this action. The Court warned that a failure to respond by

September 30, 2015, could result in dismissal for failure to prosecute. Haynie did not reply. On

September 19, 2015, the Court entered another order instructing Haynie to provide his contact

information and warned him for a second time that a failure to do so could result in dismissal of

his claims. Haynie did not respond.

### DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre

Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). A court may dismiss the action, pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails

to meet this obligation. In fact, "[a] plaintiff[']s lack of diligence alone is enough for

dismissal." West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted).

A pro se plaintiff, however, "should be granted special leniency regarding procedural matters."

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any

claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, the

court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S.

626, 629 (1962). Moreover, the court is not required to provide notice of the dismissal. "[S]uch

dismissal is largely a matter of the judge's discretion." See West, 130 F.R.D. at 524. Indeed,

because district courts are "necessarily vested" with the control required "to manage their own

affairs so as to achieve the orderly and expeditious disposition of cases," the court may even

dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. Link, 370 U.S. at

629-31.

In deciding whether to dismiss an action for failure to prosecute, the court must consider

five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether

plaintiff was on notice that failure to comply would result in dismissal, (3) whether the

defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the

court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be

heard, and (5) whether the judge has adequately considered a sanction less drastic than

dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84

F.3d 532, 535 (2d Cir. 1996)). Of these factors, no particular one is generally dispositive. Id.

(citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

While a district court is not required to address each of these factors in its written

decision by a list of "'robotic incantations,'" id. at 217 (quoting United States v. Crosby, 397

F.3d 103, 113 (2d Cir. 2005)), the court at a minimum must provide a reason for the dismissal.

See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010),

report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).

The Court first informed Haynie that his mailing address was not complete and valid on

June 19, 2015, but Haynie has not responded to any Court orders since that date. In its August 4,

2015 Order, the Court provided Haynie with notice that this Court would recommend that his

claims be dismissed for failure to prosecute if he did not contact the Court. The Court warned

Haynie a second time on September 19, 2015. Haynie's failure to respond over the period of five

months, even after warnings that his case could be dismissed for failure to prosecute, justify

dismissal. But because Haynie is pro se, I recommend that his claims be dismissed without prejudice so that he has every opportunity for a day in court.

This report and recommendation provides plaintiff further notice and another opportunity to be heard before the District Judge.

## CONCLUSION

For these reasons, I recommend that all claims asserted by Haynie be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
              November 25, 2015

*                    *                    *

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing

5

objections must be addressed to Judge Crotty. The failure to file these timely objections will

result in a waiver of those objections for purposes of appeal. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(d), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).